V. James DeSimone, SBN 119668
vjdesimone@gmail.com
Michael D. Seplow, SBN 150183
mseplow@gmail.com
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone: 310- 396-0731
Fax: 310- 396-0731

Thomas W. Falvey (SBN 65744)
thomaswfalvey@gmail.com
Michael H. Boyamian (SBN 256107)
mike.falveylaw@gmail.com
LAW OFFICES OF THOMAS W. FALVEY
550 North Brand Boulevard, Suite 1500
Glendale, CA 91203
Telephone: (818) 547-5200
Fax: (800) 500-9307

Lawrence A. Bohm, SBN 208716
LBohm@Bohmlaw.com
BOHM LAW GROUP
4600 Northgate Blvd Ste 210
Sacramento, CA 95834
Telephone: (916) 927-5574
Fax: (916) 927-2046

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE ZEMITIS,<br><br>Plaintiff,<br>vs.<br><br>AMDOCS, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FAILURE TO PAY OVERTIME COMPENSATION (FAIR LABOR STANDARDS ACT–29 U.S.C. § 207)**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF GEORGE ZEMITIS ("PLAINTIFF") on information and belief, makes the following allegations against DEFENDANTS AMDOCS, INC. and DOES 1-10 (individually and collectively referred to as "DEFENDANTS"):

## JURISDICTION AND VENUE

1. This Court has jurisdiction over DEFENDANTS because they are residents of and/or doing business in this district.  This Court has jurisdiction over PLAINTIFF's claims pursuant to 28 U.S.C. § 1331 in that Plaintiff asserts a claim against DEFENDANTS which arises under the Constitution, laws, or treaties of the United States.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a), (b) and (c) in that Defendant AMDOCS, INC. resides in this District and because a substantial part of the events or omissions giving rise to Plaintiff claims occurred in this District.

## PARTIES

3. PLAINTIFF GEORGE ZEMITIS  ("MR. ZEMITIS" or "PLAINTIFF") at all relevant times was a non-exempt employee of DEFENDANTS.  MR. ZEMITIS's  primary job duties consisted of non-exempt duties including providing computer support, trouble-shooting relating to repairs, and technical services to DEFENDANTS.  MR. ZEMITIS's job duties did not involve writing computer codes and he  performed his duties according to established standards and procedures from which he was not allowed to deviate.  MR. ZEMITIS is, and at all relevant times was, a citizen of the State of California.  MR. ZEMITIS  was employed by DEFENDANTS from approximately May  2007 through approximately November 2011  and performed all obligations as required during his employment.  MR. ZEMITIS filed a consent to join (or "opt in" notice) in the case of *Santiago v Amdocs*, No. 3:10-cv-04317-SI on or about May 2, 2011.  Pursuant to the December 19, 2011 Order in the *Santiago* case, MR. ZEMITIS's statute of limitations for his FLSA claims was tolled from April 5, 2011 until approximately January 9, 2012. Pursuant to the October 10, 2013 order in the *Santiago* case, MR. ZEMITIS's statute of

limitations on his claims under the federal Fair Labor Standards Act has been tolled through December 2, 2013, at which time PLAINTIFF was named as a Plaintiff in the case of *Bedwell v Amdocs*, No. 3-13-cv-05565-SI ("the *Bedwell* case"). Pursuant to the July 23, 2014 Order in the *Bedwell* case granting Defendant's Motion to Sever, the statute of limitations on PLAINTIFF's claims are tolled until August 1, 2014.

4. PLAINTIFF is informed and believes and thereon alleges that despite the fact that PLAINTIFF was clearly a non-exempt employee DEFENDANTS knowingly, deliberately and willfully classified Plaintiff as exempt in order to avoid paying him overtime wages due to non-exempt employee.

5. DEFENDANTS AMDOCS, INC. and DOES 1 through 10, are all corporations or other business entities which are doing business in California or formally did business in California.

6. The true names and capacities of defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF, who therefore sues such defendants by such fictitious names. PLAINTIFF will amend this Complaint to show the true names and capacities when they have been determined.

7. At all times mentioned herein, DEFENDANTS, and each of them, were the agents, representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates.

///

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. PLAINTIFF was a non-exempt employee of DEFENDANTS who should have been entitled to overtime pay for work in excess of 40 hours per week. PLAINTIFF's primary responsibilities included providing computer support, trouble shooting related to repairs and other technical services. PLAINTIFF was required to perform his job duties according to procedures and guidelines established by DEFENDANTS and he was not permitted to deviate from those guidelines. PLAINTIFF's claims are properly joined in that they arise out of the same series of transactions or occurrences and contain one or more common issues of law or fact.

9. During PLAINTIFF's employment by Amdocs, he was mis-classified as being "exempt" meaning that he was not paid overtime for work in excess of 40 hours per week. Nonetheless, PLAINTIFF typically worked approximately 50-55 hours per week, including evenings and weekends and Amdocs was aware that he typically worked in excess of 40 hours per week without overtime in order to meet the demands of the job . Despite the fact that he was mis-classified as exempt, his job duties and responsibilities were non exempt in nature. PLAINTIFF's job was to provide support with needed maintenance, enhancement and addressing customer problems. He did not supervise or manage other employees; he had no budget and was not allowed to spend company funds without prior approval. He was required to perform his duties within the guidelines established by Amdocs. During his employment with Amdocs PLAINTIFF did not regularly exercise discretion and independent judgment. PLAINTIFF does not have an advanced degree in computer science or a related field.

10. PLAINTIFF's job did not consist of setting Amdocs' business policy or of providing internal support to Amdocs itself. Instead, PLAINTIFF's day to day duties consisted of performing the day to day work for which Amdocs billed its clients. PLAINTIFF's duties did not involve running the business or determining its overall course or policies. PLAINTIFF did not set

the direction of the business or provide strategic advice, nor did he negotiate on behalf of DEFENDANTS. PLAINTIFF did not formulate management policies or assist in the operation of the business as a whole. PLAINTIFF did not act as advisory specialists to management; he did not manage or supervise other employees. PLAINTIFF did not fire, hire, or have authority over other employees. PLAINTIFF was not allowed to spend company funds without prior approval.

11. PLAINTIFF is informed and believes and thereon alleges that the failure of DEFENDANTS to pay PLAINTIFF overtime premium wages was willful, purposeful, intentional, deliberate and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations and that DEFENDANTS knowingly and deliberately mis-classified PLAINTIFF as being exempt even though DEFENDANTS were aware that he should have been deemed non-exempt. DEFENDANTS knew that PLAINTIFF were mis-classified as exempt based on the nature of his job duties and requirements yet nonetheless failed to pay PLAINTIFF overtime wages. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS conducted a review of each employee's job duties and position within California and thus were aware of the fact that PLAINTIFF was being mis-classified and denied overtime compensation.

**<u>FIRST CAUSE OF ACTION</u>**

**FAILURE TO PAY OVERTIME IN VIOLATION OF § 207(a)**

**OF THE FAIR LABOR STANDARDS ACT**

**(Against All Defendants)**

12. PLAINTIFF realleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 to 11.

13. PLAINTIFF asserts this cause of action against DEFENDANTS based on their mis-classification of PLAINTIFF as exempt and their failure to properly compensate PLAINTIFF for all hours worked. PLAINTIFF asserts this cause of action to recover from DEFENDANTS

compensation earned but unpaid, including overtime compensation, liquidated damages, and any other recovery authorized under the FLSA, 29 U.S.C. § 201, et seq. Pursuant to 29 U.S.C. §216(b), PLAINTIFF has given his written consent to pursue these claims under the FLSA , and such consent forms was attached to the original complaint filed in the *Bedwell* case on December 2, 2013 and is attached hereto.

14. DEFENDANTS have intentionally, recklessly, or negligently failed and refused to compensate PLAINTIFF at the rate of one and one-half times the regular rate of pay for all hours over 40 in any given workweek. DEFENDANTS have intentionally, recklessly, or negligently failed to pay PLAINTIFF the time-and-a-half rate for overtime earned in a particular workweek by the regular pay day for the period in which the work ended.

15. DEFENDANTS have delayed the payment of overtime for a period longer than is reasonably necessary for them to compute and arrange for payments of the amounts due. As alleged herein, DEFENDANTS know or have constructive knowledge that PLAINTIFF was working overtime in non-exempt jobs without overtime compensation. Notwithstanding such knowledge, DEFENDANTS have failed to pay PLAINTIFF at one and one-half times the regular rate of pay for all overtime hours as required by the FLSA.

16. Although DEFENDANTS know or have constructive knowledge of their obligations under law regarding the payment of hours covered by the FLSA, DEFENDANTS routinely, knowingly, intentionally and/or wilfully failed to compensate PLAINTIFF for overtime in a timely manner.

17. DEFENDANTS have deprived PLAINTIFF of his rights, privileges, and immunities secured to him by federal law which clearly provides that PLAINTIFF is entitled to be paid for all overtime hours worked in a workweek at the rate of one and one-half the regular rate

of pay by the regular pay day for the period in which such workweek ends. DEFENDANTS know or should know that this conduct violates these rights, privileges, and immunities. DEFENDANTS have fraudulently, intentionally, recklessly, or negligently misrepresented that they are not required to pay PLAINTIFF for all overtime they work.

18. As a direct and proximate result of DEFENDANTS' actions and inactions, PLAINTIFF has been damaged, and is entitled to compensatory and/or liquidated damages in an amount according to proof, including, but not limited to, as sum equivalent to and in addition to his overtime compensation which was paid late for the three years preceding the date of his opt-in to the *Santiago* action as required by 29 U.S.C. § 216(b), plus attorneys fees and costs and any and all other relief the Court finds just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For general and compensatory damages according to proof;
2. For compensatory and/or liquidated damages according to proof pursuant to the FLSA;
3. For costs of the suit incurred herein;
4. For attorney fees and costs pursuant to the FLSA, and
5. For any such other and further relief that the Court may deem just and proper.

DATED: August 1, 2014

SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN LLP

LAW OFFICES OF THOMAS FALVEY

BOHM LAW GROUP

By: /s/ Michael D. Seplow
Michael D. Seplow
Attorneys for PLAINTIFF

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury on all issues so triable.

DATED: August 1, 2014

SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN LLP

LAW OFFICES OF THOMAS FALVEY

BOHM LAW GROUP

By: /s/ Michael D. Seplow
Michael D. Seplow
Attorneys for PLAINTIFF

8

**COMPLAINT FOR DAMAGES**
ZEMITIS v. AMDOCS, INC.

**CONSENT FORM**
**Pursuant to Fair Labor Standards Act**
**29 U.S.C. §216(b)**

I, George Zemitis consent and agree to pursue my claims under federal law arising out of uncompensated wages as a non-exempt hourly employee of Amdocs in California in connection with the lawsuit filed on behalf of myself and others.

I understand that certain claims in this lawsuit are brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action with respect to such claims.

George Zemitis

Dated: 11-29-2013

FROM : FAX NO. : Jan. 01 1998 06:16AM P1